E-FILED
Wednesday, 25 May, 2016  04:18:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| QUENNEL AUGUSTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 16-4032 |
| | ) |
| KNOX COUNTY SHERIFFS DEPARTMENT, | ) |
| *et al.,* | ) |
| Defendants. | ) |

MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, a pretrial detainee at the Knox County Jail, is requesting leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that Galesburg police officers unlawfully executed a defective search warrant at his home. The warrant was allegedly signed by Defendant Mathers, a judge. The plaintiff alleges that Defendant Pepmeyer, the State's Attorney, ignored his letters requesting dismissal and charged the plaintiff anyway. The plaintiff alleges that despite the defect in the warrant and insufficient evidence, Defendant Mangeri, the presiding judge in his criminal matter, still found probable cause. According to online records from Knox County, the plaintiff's criminal matter is still pending. *See People v. Augusta*, No. 14-CF-229 (Knox Co., Ill.) (available at: http://www.9thjudicial.org) (last accessed May 11, 2016).

The plaintiff also alleges unrelated incidents where Defendant Winbigler, a police officer, fabricated a traffic violation to pull him over, primarily because the plaintiff was driving a Lexus and studies show that Lexus vehicles get pulled over more often. The plaintiff also alleges that Defendant Winbigler unlawfully arrested him for domestic violence, but that the case was later dropped either through dismissal or a decision not to

charge.  Finally, the plaintiff alleges that police officers unlawfully ceased $10,000 in U.S. Currency from him and he wants it back.

Plaintiff states a plausible Fourth Amendment claim against the police officers who executed an allegedly facially invalid search warrant.  Plaintiff does not name any specific officers as defendants, but mentions Officer Brian Brady as the officer who executed the search warrant.  Accordingly, Officer Brady will be added as a defendant.

Defendants Mathers, Mangeri, and Pepmeyer are immune from suit under § 1983 for actions taken in their respective capacities as judge and prosecuting attorney.  *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions…."); *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) ("Prosecutors are entitled to absolute immunity when they are performing functions—such as determining whether charges should be brought and initiating a prosecution—'intimately associated with the judicial phase of the criminal process.'" (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993)).

The plaintiff's remaining claims against Defendant Winbigler are unrelated to the claims regarding the execution of the search warrant.  Therefore, those claims will be dismissed pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (separate claims against different defendants should be brought in separate lawsuits).  If the plaintiff desires to pursue these claims, he must file a separate lawsuit.

Finally, the online records from Knox County indicate that Plaintiff's underlying criminal case is scheduled for pretrial conference on July 5, 2016.  The Court finds that a stay of the proceedings is appropriate pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  Plaintiff's state court proceedings involve the same set of facts, the criminal charges are judicial in nature, state proceedings implicate important state interests in enforcing criminal laws, Plaintiff will have an opportunity to present his federal constitutional issues, and no extraordinary circumstances exist that suggest that the federal case should go forward at the same time as the state case.

IT IS THEREFORE ORDERED:

1.  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourth Amendment claim for the execution of an allegedly facially invalid search warrant against defendant Brian Brady.  No service shall issue at this time.  This case is stayed for the reasons stated above.

2.  Clerk is directed to add Brian Brady, Galesburg Police Officer as a defendant.

3.  The clerk is directed to terminate the Knox County Sheriff's Department, Galesburg Police Department, Kyle Winbigler, John T. Pepmeyer, Steven Mathers, and Paul Mangeri as defendants.

4. The plaintiff's motion for counsel is denied [5], with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v.Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

5. The plaintiff's [3] motion to proceed *in forma pauperis* is GRANTED. The clerk is directed to again request trust fund ledgers from the Knox County Jail and assess an initial partial filing fee accordingly.

6. The plaintiff's motion to add case to jury calendar [7] is DENIED at this time. Plaintiff's motion for status [9] is DENIED as MOOT. The plaintiff's motion to substitute party [8] is DENIED. Defendant Mangeri has been dismissed for the reasons stated above. The Knox County Jail is a building and not a "person" that may be sued under § 1983. *Wright v. Porter County*, 2013 WL 1176199, *2 (N.D. Inc. Mar. 19, 2013)("Wright also sues the jail itself, but this is a building, not a "person" or even a policy-making body that can be sued for constitutional violations.")

7. Plaintiff is directed to provide the Court with a status update on his underlying criminal proceedings by August 15, 2016.

Entered this 25th day of May, 2016.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE